OF

# THE SUPREME COURT

OF THE

## STATE OF ILLINOIS,

### NOVEMBER TERM, 1858, AT MOUNT VERNON.*

Thomas L. Cotton, Plaintiff in Error, *v.* Lewis Reed *et al.*, Trustees of Schools, etc., Defendants in Error.

#### ERROR TO HARDIN.

However regular all anterior proceedings of a school teacher up to the time of presenting his schedule to the school directors, may be, under the law of 1855, unless the schedule is properly certified and presented in proper time, the payment for his services cannot be enforced against the trustees of schools by bill in chancery; if there is any remedy, it is by mandamus.

The facts of this case are fully stated in the opinion of the court.

J. M. Warren, for Plaintiff in Error.

Logan & Allen, for Defendants in Error.

Walker, J.   The facts of this case show that complainant taught a public school, and did all things required of him by the law to entitle the schedule of his school to allowance and payment out of the school fund.   He had obtained the proper certificate of qualification, kept a regular schedule and presented it properly certified by him, to one of the directors of the school district, two days before the first Saturday in October.   The director to whom it was delivered, also examined and certified

---

* The remainder of the decisions of this term will appear in volume twenty-one.

to its correctness, as required by law, but neither of the other directors, owing to their absence, certified to its correctness before that day, nor was it presented to the township treasurer by that time. The defendants, as trustees of schools, refused to allow it or order its payment, because it was not filed with their treasurer by the day required by law. And the complainant, by his bill, seeks to compel the defendants to allow and order the payment of the money due him on this schedule by the township treasurer.

We have the question presented, whether the time is material when the teacher's schedule shall be certified and filed with the township treasurer, to entitle it to payment out of the public school fund. The act to establish and maintain a system of free schools, approved the 15th of February, 1855, Sess. Laws, p. 68, was in force when complainant was employed, taught this school, and the schedule was returned, and by it the rights of the parties are governed. The 50th section of that act provides the mode of certifying teachers' schedules, by the teacher and at least two of the directors, and when certified as prescribed, requires that they shall be filed with the township treasurer of schools by the directors. The 51st section, p. 70, provides that such schedules so certified shall, at least two days before the first Saturday of April and October, be delivered to the township treasurer. The 36th section, p. 61, after enumerating the funds to be distributed, provides that they shall make distribution, first, to the township treasurer, two per cent.; second, for the payment for the books of the treasurer, if anything be due for that purpose; third, for the payment of the expenses of dividing common school lands; fourth, "The balance they shall appropriate on the several schedules certified and returned from each school in the township according to law, in proportion to the number of days certified on such schedules respectively to have been taught since the last regular return day fixed by the act or trustees of schools."

The duties and powers of trustees of schools in the distribution of the school fund, are regulated by legislative enactment. In that respect they have no discretion whatever. They must distribute this fund at the time, and to the persons and for the purposes directed. They are compelled to pursue the requirements of the law. The language is peremptory that the schedule must be examined, corrected and certified by two directors or a committee appointed for that purpose, and filed two days previously to the first Saturday in April and October, and that the fund shall be distributed on the schedules certified and returned from each school in the township, according to law. This schedule wholly fails to comply with this requirement,

either as to the certificate or return. And the language employed leaves no doubt that the legislature intended that these provisions should be complied with to authorize money to be apportioned to the payment of teachers. If this requirement may be dispensed with, we can see no reason why any other provision of the act may not be disregarded. That such requirements should be imposed is perhaps necessary to protect the fund from waste, and may have been the considerations which influenced the legislature in adopting them. But we in this act find no authority either for the trustees of schools or the courts to disregard these provisions. And if the legislature shall be satisfied that such requirements work hardship and injustice, they will doubtless apply the corrective.

But it is urged that a court of equity should entertain jurisdiction and grant the relief sought, upon the grounds of accident. In an examination of the numerous authorities to which we have had access, we have been unable to find any authority to relieve a party from an officer's neglect in performing his duties. In such cases the officer is liable to the party injured, in an action at law for damages, and such remedy at law is complete. In this case all that is claimed as an accident, was no more than a neglect of duty by the directors. They had the power to appoint a committee to examine, correct and certify this schedule in their absence. This was a duty easily performed, and no reason is given for its non-performance. This is not the kind of accident against which courts of equity relieve. It was not an unavoidable accident, but on the contrary the means to avoid it were simple and easily performed, and were not employed. We are not able to perceive that a court of equity can entertain such jurisdiction.

But if the defendants had failed to perform a duty imposed upon them as officers, by the law, they may be compelled to its performance by a writ of *mandamus*. Courts of equity have no such power, and must leave the party to his legal remedy, by writ of *mandamus*, or action against the persons charged with the non-performance of duty which has produced the injury. 5 J. Ch. R. 232. Though the complainant in this case may be wholly blameless, and may have performed his entire duty, we think he is not entitled to relief in the mode sought, and that the court below committed no error in dismissing his bill, and the decree of that court must be affirmed.

*Decree affirmed.*